PEOPLE v. HARRIS.

INTOXICATING LIQUORS—ILLEGAL POSSESSION—CARRYING ON PERSON —REASONABLE TIME.

It was not a violation of section 4, Act No. 381, Pub. Acts 1913 (2 Comp. Laws 1915, § 7121), prohibiting the keeping or storing of intoxicating liquors in any room, building, or structure other than the private residence of such person, for defendant to carry upon his person, in the soft drink establishment where he was employed, a pint of whisky which he had purchased from a druggist upon a lawful prescription from a physician, from about six o'clock till seven or eight o'clock the same evening, since he had the right to carry the same for a reasonable time, and until, in the natural course of events, and conveniently, he would reach his private residence.

Exceptions before judgment from Iron; Flannigan, J. Submitted June 14, 1918. (Docket No. 106.) Decided July 19, 1918.

See notes in 24 L. R. A. (N. S.) 172; 26 L. R. A. (N. S.) 394; L. R. A. 1915D, 172; L. R. A. 1917D, 938.

James Harris was convicted of violating the local option law. Reversed, and defendant discharged.

*Power & McKale* (*W. J. Carbaugh*, of counsel), for appellant.

*Alex. J. Groesbeck*, Attorney General, and *M. S. Mc-Donough*, Prosecuting Attorney, for the people.

BROOKE, J. Defendants were prosecuted under the provisions of Act No. 381, Pub. Acts 1913, section 4 (2 Comp. Laws 1915, § 7121) of which provides as follows:

"In any township, municipality or county in this State where the manufacture or sale of any of the liquors mentioned in section 1 is prohibited, it shall be unlawful for any person to keep, store, or possess any such liquor in any room, building, or structure, other than the private residence of such person, and which is not used as a place of public resort: *Provided*, That none of the provisions of this section shall apply to druggists authorized to sell such liquors, nor to persons possessing such liquors for medicinal, mechanical, chemical, scientific or sacramental purposes, nor apply to such liquors in the process of transportation or in the possession of a common carrier."

The following facts appear in the record undisputed: Defendant Hanold is the proprietor of a soft drink establishment in which defendant Harris is employed as a helper. On the 14th day of March, 1916, defendant Harris went to Dr. McBurney and secured from him a prescription for one pint of whisky for medicinal purposes. This prescription was filled about six o'clock of the same day and Harris had it in his pocket on his person in defendant Hanold's temperance saloon about seven or eight o'clock that evening when the deputy sheriff came to the place with a search warrant for intoxicating liquors. None were found in the place but a search of the person of defendant Harris disclosed

his possession of the pint bottle of whisky secured by him at the drug store on the McBurney prescription. The two defendants were impleaded together and a verdict of guilty was rendered against defendant and appellant, Harris, only, under a charge of the court which is as follows:

"The claim of Harris is that he had obtained the whisky on a prescription of a physician that same afternoon, and that he intended to take some of the liquor, hot, when he went to bed that night. That is his testimony on the subject. Now, gentlemen, a physician, if he deems it necessary for the health of a patient, has a right under the law to prescribe whisky for the patient; and when whisky is prescribed for the patient the druggist has a right to sell it to the patient on the prescription of the physician and the patient has a right to take it away with him and consume it. That is a reasonable provision of the law. But, gentlemen, that provision of the law is intended to aid in restoring health and not intended to be used as a method of evading the law.

"This liquor which was obtained by Harris on the prescription, lawfully, was obtained as he says, along about four o'clock in the afternoon. That it was obtained by a messenger sent by him to a drug store for it, and that it reached his hands about six o'clock in the afternoon of that day. His room, his place of habitation, was in the rear of that building. He had no business with the liquor on his person in the saloon at that time. A man is entitled to have liquor for medical purposes, but he cannot carry it around with him. He cannot take it to work with him. He cannot have it in any place except his private residence unless the doctor prescribes that it be taken at certain intervals, and to take it at those intervals would make it necessary for the man to carry it with him. For example: if a doctor should prescribe whisky for, for example, a carpenter working on a building, with directions to take of the whisky every half hour, or hour, or three hours, the man would have the right to take the whisky with him to his work, and take it, every half an hour, or every hour, or three hours or five hours, as the doctor prescribed.

"But in this case, gentlemen, it does not appear that there was any such prescription. It does not appear that the doctor told him to take of this liquor every so often. In other words, it does not appear, as a medical proposition, that it was necessary for Harris to have the bottle of whisky in his pocket. It appears from his own testimony that he intended to take from the bottle when he went to bed, and he says his usual time of retiring was ten o'clock at night. He should have taken the whisky to his bedroom, his place of habitation, and left it there. It was unlawful for him to have it in his possession in the saloon at that time. And, gentlemen of the jury, if you believe his own testimony, you will bring a verdict of guilty as to defendant Harris."

We are of opinion that this charge was clearly erroneous and that defendant Harris having proved beyond dispute, that he had secured the whisky from a druggist upon a lawful prescription, he had the right to carry the same upon his person for a reasonable time and until, in the natural course of events, and conveniently, he would reach his private residence (in this case his room in the hotel) which the record in this case does not show to have been exceeded.

The verdict is set aside and the defendant Harris discharged.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, STONE, and KUHN, JJ., concurred. FELLOWS, J., did not sit.